# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERMARSH ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1718 CAS |
| | ) | |
| THE FEDERAL GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Court's Order directing him to show cause why this action should not be dismissed for lack of jurisdiction. Upon review of the response, the Court finds that this action must be dismissed.

### Standard of Review

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court is required to dismiss any case where subject matter jurisdiction is lacking.

> A court does not obtain subject-matter jurisdiction just because a Plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Because this is a facial rather than a factual challenge to jurisdiction, [the court] determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the Plaintiff.

Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

### The Complaint

Plaintiff alleges that he was injured in an altercation with correctional officers while he was detained at the St. Louis County Justice Center. He says that FBI Agent Carne Cerone investigated the incident. He argues that Agent Cerone was negligent and deceitful in

conducting the investigation because he reported that plaintiff did not have any injuries in his medical records.

Plaintiff filed a copy of his medical records, and they show that he had headaches and mild dizziness. The doctor did not make a specific diagnosis. The doctor reported that the headaches could have either resulted from the altercation or from plaintiff's high blood pressure. Specifically the report states: "Headache . . . **Impression:** Secondary to the altercation with justice services vs from hypertension (blood pressure elevated)." Pl.'s Ex. at 11.

**Discussion**

On initial review, the Court construed plaintiff's allegations as falling under the Federal Torts Claim Act, 28 U.S.C. § 1346 ("FTCA"). The Court ordered plaintiff to show cause why the action should not be dismissed for failing to exhaust administrative remedies.

Plaintiff responds that he is suing the government under 18 U.S.C. § 242, which permits the United States to prosecute state actors for deprivations of civil rights. To the extent that plaintiff is requesting this Court to initiate federal charges against defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1). As a result, the stated basis for jurisdiction is patently meritless, and this action must be dismissed for lack of jurisdiction.

Even if plaintiff were to have brought this action under Bivens, the Court would still dismiss it under 28 U.S.C. § 1915(e). See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of January, 2016.